**In the Matter of OCEAN ELECTRONICS CORPORATION, Debtor-in-Possession.**

**UNITED STATES of America, Plaintiff,**

v.

**OCEAN ELECTRONICS CORPORATION, Defendant.**

**No. 77–00406K.**

United States District Court, S. D. California.

April 10, 1978.

John R. Neece, Asst. U. S. Atty., Michael H. Walsh, U. S. Atty., San Diego, Cal., for plaintiff.

James S. Munak, O'Neill & Munak, San Diego, Cal., for defendant.

## MEMORANDUM OF OPINION

GORDON THOMPSON, Jr., District Judge.

This is an appeal from the bankruptcy judge's decision in Case No. 77–00406–K, declaring a security interest claimed by the same General Motor's SUB plan and followed *Akers.*

5. *Parrish v. General Motors Corp.,* 75 CCH Lab.Cas. ¶ 10,373 (S.C.Ind.1974), dealt with the

Small Business Administration in proceeds from the sale of certain equipment owned by the debtor, Ocean Electronics Corporation, invalid and unenforceable against the debtor as debtor-in-possession. The appeal has been timely perfected, and jurisdiction is proper, pursuant to 28 U.S.C. § 1334.

The facts are not in dispute. In February 1973, San Diego Trust and Savings Bank (hereinafter "Bank") advanced a loan in the principal sum of $22,000 to Steven L. Milis, doing business as The Photo Shoppe, secured by a perfected security interest in all furniture, fixtures, machinery and equipment. This loan was made in participation with the Small Business Administration (hereinafter "SBA") and was made subject to a 90 percent guaranty by SBA. Thereafter, in August 1973, Mr. Milis conveyed his interest in the property subject to the bank's and SBA's security interest to his wholly owned corporation, Photo Shoppe, Inc. (hereinafter "Photo Shoppe"). The bank timely filed an amendment to its original Financing Statement Form UCC–1 naming Photo Shoppe as its new debtor. It is not disputed that at all times material herein the security interest of the bank and SBA was duly perfected and fully enforceable against the equipment belonging to Photo Shoppe.

On or about August 1, 1975, Photo Shoppe sold the property subject to the security interest of the bank to Ocean Electronics Corporation (hereinafter "Ocean") without knowledge to or consent by the bank and SBA. The bank first learned of this unauthorized sale on August 27, 1975, and thereafter, for a period of several months, the bank and Ocean had numerous discussions concerning a possible assumption by Ocean of the indebtedness owed by Photo Shoppe. During this period, Ocean paid and the bank accepted nine installments owed by Photo Shoppe in the total sum of $3,753.20. Ocean never assumed the indebtedness and, on November 19, 1976, the bank assigned its interest to SBA.

On February 17, 1977, Ocean filed a voluntary petition seeking to effect a plan of arrangement under Chapter XI of the Bankruptcy Act and on February 18, 1977 the Bankruptcy Court below entered its order authorizing Ocean to conduct business as debtor-in-possession. On June 28, 1977 the equipment claimed by SBA was sold at public auction in open court free and clear of liens with the liens, if any, to attach to the net sale proceeds. Thereafter, on January 24, 1978, the Chapter XI proceedings were dismissed and Ocean was adjudicated a bankrupt.

The issues on appeal before this court are as follows:

1. Whether the United States can be estopped from asserting its right as a secured creditor;

2. Whether the United States waived its security interest in the debtor's property;

3. Whether a secured creditor is required to take any further steps to protect his security interest if he is aware that the debtor has transferred the security to a third person; and

4. Whether the United States, assuming it is not a secured creditor, has any priority over the class of general unsecured creditors.

■ However, the only issue which needs to be addressed by the court is whether the security interest which SBA had perfected in the equipment when held by Photo Shoppe survived the subsequent transfer of assets to Ocean. Although federal common law is determinative where the United States is a necessary party to a lawsuit, the courts will be guided by the principles set forth in the Uniform Commercial Code when determining the rights of parties to secured transactions. *United States v. Hext,* 444 F.2d 804 (5th Cir. 1971); *United States v. Hughes,* 340 F.Supp. 539 (N.D. Miss.1972). The Uniform Commercial Code has been adopted by the State of California, effective January 1, 1965. The section most pertinent to this controversy is Uniform Commercial Code § 9306(2) which provides as follows:

(2) Except where this division otherwise provides, a security interest continues in collateral notwithstanding sale, ex-

change or other disposition thereof by the debtor unless the disposition was authorized by the secured party in the security agreement or otherwise, . . .

The bankruptcy judge below ruled that, although the bank and SBA did not impliedly or expressly consent to the transfer from Photo Shoppe to Ocean, the failure of the bank and SBA to file a financing statement naming Ocean as debtor rendered the previously perfected security interest ineffective against Ocean.

■ Under the facts and circumstances presented in the instant case, it clearly was not necessary for the bank or SBA to file a new financing statement, showing the transferee as a new debtor, to preserve their lien against the transferred property. Section 9402(6) of the California Commercial Code, in part here pertinent, provides:

(6) . . . A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer.

The language cited is clear and unequivocal; it manifests the intention of the drafters of the Uniform Commercial Code that once a security interest has been duly perfected, the security interest continues notwithstanding an unauthorized sale or other disposition of the collateral. As stated in official comment 8 to California Commercial Code § 9402:

8. Subsection (7) also deals with a different problem, namely whether a new filing is necessary where the collateral has been transferred from one debtor to another. This question has been much debated both in pre-Code law and under the Code. This Article now answers the question in the negative. Thus, any person searching the condition of the ownership of a debtor must make inquiry as to the debtor's source of title, and must search in the name of a former owner if circumstances seem to require it.

Accordingly, the court finds that SBA's security interest in assets pledged by Photo Shoppe survives the subsequent transfer to Ocean, and there is no legal basis for holding that the SBA waived or should be estopped from asserting its security interest because it failed to file a new financing statement naming Ocean as the new owner of the collateral. The judgment of the Bankruptcy Court is hereby reversed with instructions that the claim of the United States be paid in its entirety from the cash proceeds derived from the sale.