PIONEER BANK & TRUST COMPANY, Plaintiff,

v.

Ira S. GILBERT and Federal Home Loan Bank Board, as Supplemental Defendant, Defendants.

No. 79 C 18.

United States District Court, N. D. Illinois, E. D.

Oct. 3, 1979.

Kathryn E. Zenoff, Zenoff, Westler, Jones & Zenoff, Chicago, Ill., for plaintiff.

Ira S. Gilbert, Daniel C. Murray, Asst. U. S. Atty., Chicago, Ill., Michael L. Seabolt, Harold B. Shore, Harvey Simon, Federal Home Loan Bank Bd., Washington, D. C., Raymond Ostler, Gomberg & Sharfman, Chicago, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

Supplemental defendant, Federal Home Loan Bank Board ("Bank Board"), seeks an order from this court quashing plaintiff's citation to discover assets or in the alternative an order declaring the superiority of its security interest over plaintiff's judgment lien in a certificate of deposit ("CD # 008") owned by defendant, Ira Gilbert. Plaintiff, Pioneer Bank & Trust Company ("Pioneer") opposes the Bank Board's motion on the ground that the Bank Board has no security interest in CD # 008. Further, Pioneer requests that the court order the Bank Board to turn over CD # 008. For the reasons stated herein, the court grants the Bank Board's motion to quash and denies Pioneer's motion for a turn-over order.

On February 22, 1977, Pioneer obtained a judgment against Ira S. Gilbert for $19,-414.74 and interest in the Circuit Court of Cook County. In order to try and satisfy that judgment Pioneer caused a citation to discover assets to be served on the Bank Board. The Bank Board, an agency of the

United States (12 U.S.C. § 1437(b)) had the case removed to this court pursuant to 28 U.S.C. §§ 1331(a), 1441, 1442(a)(1), 1444 and 2410.

CD # 008, valued at $12,500, is in the possession of the Federal Home Loan Bank of Chicago ("Home Loan Bank"). The Federal Home Loan Bank is under the supervision of the Bank Board. 12 U.S.C. § 1437(a). CD # 008 was given to the Home Loan Bank by Ira Gilbert in September 1975, pursuant to an agreement entered into on October 11, 1974 with the Bank Board.

Gilbert entered into this agreement as one of the organizers of a new Federal Savings and Loan Association ("Americana"). This agreement was entitled a Pledge and Escrow Agreement. It provided that each of the signatories pledge a withdrawable account in the new association to be held in escrow by the Home Loan Bank. The purpose of the pledge was to indemnify the association against any losses for the first five years or until it established an adequate Federal Insurance Reserve Account. The agreement was entered into so that the Bank Board would grant a charter to the new association. It was to take effect on the effective date of the insurance of accounts in the new association, which was on September 18, 1975. The necessity for such a pledge of accounts is outlined in the resolution of the Bank Board approving the application for the new association. (Bank Board Resolution No. 73–1543, ¶ 6).

By applying the Uniform Commercial Code [1] to the situation, it is clear that the Bank Board has a prior perfected security interest in CD # 008 and that Pioneer's claim must fail.

A security interest is any interest in personal property which secures payment or performance of an obligation (U.C.C. 1–201(37)). In this case, the Bank Board has an interest in the pledged accounts of the organizers of the new association. Those pledged accounts secure the organizers' agreement to indemnify Americana to the extent of the amounts pledged. Alternately, the accounts may be seen as security for Americana's performance of its obligation to operate without losing money.[2] It is not necessary that the owner of the collateral and the obligor be the same. U.C.C. 9–105(d), 9–112.

In order to be enforceable against creditors, a security interest must attach. U.C.C. 9–203. The prerequisites for attachment are 1) possession pursuant to agreement or a written agreement, 2) value given, and 3) the debtor must have rights in the collateral. There is no question that Gilbert has ownership of CD # 008. The granting of a charter by the Bank Board to Americana constitutes value. Possession of CD # 008 by Home Loan Bank as agent for the Bank Board is sufficient to constitute possession. U.C.C. 9–203, Comment 1. The agreement to create a security interest is reflected in the agreement signed by Gilbert. Perfection of the security interest is also necessary to obtain priority over a lien creditor. U.C.C. 9–301(1)(b). A security interest in an instrument may be perfected by possession by the secured party or his agent. U.C.C. § 9–305 and comment 2 to 9–305.

1. The desirability of applying a uniform body of law to federal suits involving secured transactions has lead other circuits to apply the Uniform Commercial Code. *See U.S. v. Hext*, 444 F.2d 804 (5th Cir. 1971); *U.S. v. Ocean Electronics Corp.*, 451 F.Supp. 511 (S.D.Cal.1978); *U.S. v. Hughes*, 340 F.Supp. 539 (N.D.Miss. 1972). Both parties have briefed their arguments with reference to the U.C.C. and the court has accepted the applicability of the code. If the pledged account had not been a certificate of deposit but a regular deposit account, the code would by its own terms not apply. U.C.C. 9–104(1). However, under common law

an identical result would be reached as all the legal requirements for a pledge are met including possession by the pledgee or some one for him. *See In re Rogers*, 20 F.Supp. 120, 126 (N.D.W.Va.1937).

2. Any loss by Americana would increase the risk that the FSLIC would have to make payments out of its funds. The FSLIC is an agency under the control of the Bank Board. 12 U.S.C. §§ 1437(b), 1725(a), (c), and 1730(k)(1). Thus, the need for security against such losses becomes apparent.

Having perfected its security interest in CD # 008, the Bank Board's position is superior to that of Pioneer Bank, U.C.C. 9–301(1)(b). Accordingly Pioneer's motion for a turn-over order is denied and its citation to discover assets quashed.